MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CHRISTIAN DURAN, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| 20TH STREET PIZZA CORP  (D/B/A LUNETTA PIZZA), KHALIL ABUALI , KHAIRALLA MUHANNA , and LARRY DOE , | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Christian Duran ("Plaintiff Duran" or "Mr. Duran"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 20th Street Pizza Corp (d/b/a Lunetta Pizza), ("Defendant Corporation"), Khalil Abuali,  Khairalla Muhanna, and  Larry Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Duran is a current employee of Defendants 20th Street Pizza Corp (d/b/a Lunetta Pizza), Khalil Abuali, Khairalla Muhanna, and Larry Doe.

2.      Defendants own, operate, or control a pizzeria restaurant, located  at 245 3rd Avenue, New York, New York, 10010 under the name "Lunetta Pizza".

3.    Upon information and belief, individual Defendants Khalil Abuali, Khairalla Muhanna, and Larry Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Duran has been employed as  a delivery worker, food preparer and dishwasher at the restaurant located at 245 3rd Avenue, New York, New York, 10010.

5.    Plaintiff Duran has ostensibly been employed as a delivery worker. However, he has been required to spend a considerable part of his work day performing non-tipped duties, including but not limited to brooming, mopping, taking out the trash, making cartons, and cleaning tables (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Duran has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours, and overtime compensation for the hours that he has worked.

7.    Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, and have failed to pay Plaintiff Duran appropriately for any hours worked, at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Duran the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants have employed and accounted for Plaintiff Duran as a delivery worker in their payroll, but in actuality his duties have required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants have paid Plaintiff Duran  at a rate that is lower than the required tip-credit rate.

11.    Under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Duran's non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Duran's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This has allowed Defendants to avoid paying Plaintiff Duran at the minimum wage rate and has enabled them to pay him at the tip-credit rate (which they still have failed to do).

13.    Defendants' conduct has extended beyond Plaintiff Duran to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Duran and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Duran now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Duran seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Duran's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria restaurant located in this district. Further, Plaintiff Duran has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Christian Duran ("Plaintiff Duran" or "Mr. Duran") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Duran has been employed by Defendants at Lunetta Pizza from approximately February 2020 until on or about the Present Date.

21.     Plaintiff Duran consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants own, operate, or control a pizzeria restaurant, located at 245 3rd Avenue, New York, New York, 10010 under the name "Lunetta Pizza".

23.     Upon information and belief, 20th Street Pizza Corp (d/b/a Lunetta Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 245 3rd Avenue, New York, New York, 10010.

24.     Defendant Khalil Abuali is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Khalil Abuali is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Khalil Abuali possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Khairalla Muhanna is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Khairalla Muhanna is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Khairalla Muhanna possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Larry Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Larry Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Larry Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.    Defendants operate a pizzeria restaurant located in the Gramercy Park section of Manhattan in New York City.

28.    Individual Defendants, Khalil Abuali, Khairalla Muhanna, and Larry Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiff Duran's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Duran, and all similarly situated individuals, referred to herein.

31.    Defendants jointly employed Plaintiff Duran (and all similarly situated employees) and are Plaintiff Duran's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.    In the alternative, Defendants constitute a single employer of Plaintiff Duran and/or similarly situated individuals.

33.    Upon information and belief, Individual Defendants Khalil Abuali, Khairalla Muhanna, and Larry Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants have been Plaintiff Duran's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire

Plaintiff Duran, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Duran's services.

35.    In each year from 2020 until on or about the Present Date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.    Plaintiff Duran is a current employee of Defendants who has been employed as a food preparer, dishwasher and ostensibly as a delivery worker. However, he had spent over 20% of each shift performing the non-tipped duties described above.

38.    Plaintiff Duran seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Christian Duran*

39.    Plaintiff Duran has been employed by Defendants from approximately February 2020 until on or about the Present Date.

40.    Defendants have employed Plaintiff Duran as a food preparer, dishwasher and ostensibly as a delivery worker.

41.    However, Plaintiff Duran has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Duran has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Duran has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Duran's work duties have required neither discretion nor independent judgment.

45.     From approximately February 2020 until on or about July 2020, Plaintiff Duran worked from approximately 6:00 p.m. until on or about 10:00 p.m., 3 days a week (typically 12 hours per week).

46.     From approximately August 2020 until on or about March 14, 2021, Plaintiff Duran worked from approximately 10:00 a.m. until on or about 11:00 p.m., on Mondays, from approximately 4:00 p.m. until on or about 12:00 a.m., on Wednesdays, from approximately 5:00 p.m. until on or about 12:00 a.m., on Thursdays, from approximately 6:00 p.m. until on or about 12:00 a.m., Fridays and Saturdays, and from approximately 4:00 p.m. until on or about 12:30 a.m., on Sundays (typically 49 hours per week).

47.     From approximately March 15, 2021 until the present date, Plaintiff Duran has worked from approximately 10:00 a.m. until on or about 11:00 p.m., on Mondays, from approximately 4:00 p.m. until on or about 12:00 a.m., on Wednesdays, from approximately 5:00 p.m. until on or about 12:00 a.m., on Thursdays, from approximately 5:00 p.m. until on or about 1:00 a.m., Fridays and Saturdays, and from approximately 4:00 p.m. until on or about 12:30 a.m., on Sundays (typically 53 hours per week).

48.     Throughout his employment, Defendants have paid Plaintiff Duran his wages in cash.

49.     From approximately February 2020 until on or about October 2020 , Defendants paid Plaintiff Duran $8.00 per hour.

50.     From approximately November 2020 until the present date, Defendants have paid Plaintiff Duran $9.00 per hour.

51.     Plaintiff Duran's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants have required Plaintiff Duran to work an additional 30 minutes past his scheduled departure time one day a week, and have not paid him for the additional time he has worked.

53.     Defendants have never granted Plaintiff Duran any breaks or meal periods of any kind.

54.     Plaintiff Duran has never been notified by Defendants that his tips are being included as an offset for wages.

55.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Duran's wages.

56.     Plaintiff Duran has not been required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.     On one occasion, Defendants required Plaintiff Duran to sign a document, the contents of which he was not allowed to review in detail.

58.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Duran regarding overtime and wages under the FLSA and NYLL.

59.     Defendants have never provided Plaintiff Duran an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants have never given any notice to Plaintiff Duran, in English and in Spanish (Plaintiff Duran's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Duran (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

62.     Plaintiff Duran has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

63.     Defendants' pay practices have resulted in Plaintiff Duran not receiving payment for all his hours worked, and have resulted in Plaintiff Duran's effective rate of pay falling below the required minimum wage rate.

64.     Defendants have habitually required Plaintiff Duran to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

65.     Defendants have required Plaintiff Duran and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

66.      Plaintiff Duran and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

67.    Plaintiff Duran's duties have not been incidental to his occupation as a tipped worker, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

68.    Plaintiff Duran and all other tipped workers have been paid at a rate that is lower than the required lower tip-credit rate by Defendants.

69.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiff Duran's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

70.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

71.    In violation of federal and state law as codified above, Defendants have classified Plaintiff Duran and other tipped workers as tipped employees, and have paid them at a rate that is lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.    Defendants have failed to inform Plaintiff Duran who receives tips that Defendants intend to take a deduction against Plaintiff Duran's earned wages for tip income, as required by the NYLL before any deduction may be taken.

73.    Defendants have failed to inform Plaintiff Duran who receives tips, that his tips are being credited towards the payment of the minimum wage.

74.     Defendants have failed to maintain a record of tips earned by Plaintiff Duran who has worked as a delivery worker for the tips he has received.

75.     Defendants' time keeping system has not reflect the actual hours that Plaintiff Duran worked.

76.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

77.     On a number of occasions, Defendants have required Plaintiff Duran to sign a document the contents of which he has not been allowed to review in detail. Defendants have paid Plaintiff Duran his wages in cash.

78.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Duran (and similarly situated individuals) worked, and to avoid paying Plaintiff Duran properly for his full hours worked.

80.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Duran and other similarly situated former workers.

82.     Defendants have failed to provide Plaintiff Duran and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants have failed to provide Plaintiff Duran and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.      Plaintiff Duran brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.     At all relevant times, Plaintiff Duran and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

86.     The claims of Plaintiff Duran stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

87.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants have been Plaintiff Duran's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiff Duran (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     Defendants failed to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92.     Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Duran (and the FLSA Class members) have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

94.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants have failed to pay Plaintiff Duran one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Duran's spread of hours exceeded ten hours in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

96.    Defendants' failure to pay Plaintiff Duran an additional hour's pay for each day Plaintiff Duran's spread of hours exceeds ten hours has been willful within the meaning of NYLL § 663.

97.    Plaintiff Duran has been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

98.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Duran (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiff Duran (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Duran (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants have been Plaintiff Duran's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiff Duran, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

104.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Duran less than the minimum wage.

105.    Defendants' failure to pay Plaintiff Duran the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Duran has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

107.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Duran  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.     Defendants' failure to pay Plaintiff Duran overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

110.     Plaintiff Duran has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

111.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

112.     Defendants have failed to provide Plaintiff Duran with a written notice, in English and in Spanish (Plaintiff Duran's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.     Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

114.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

115.    With each payment of wages, Defendants have failed to provide Plaintiff Duran with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.    Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Duran respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Duran's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Duran and the FLSA Class members;

(f)    Awarding Plaintiff Duran and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Duran and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(i)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Duran;

(j)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(k)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Duran's compensation, hours, wages and any deductions or

credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Duran;

(m)    Awarding Plaintiff Duran damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Duran damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Duran liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Duran and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Duran and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Duran demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

April 2, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 19, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Christian Duran

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     19 de febrero de 2021

*Certified as a minority-owned business in the State of New York*